E-FILED
Monday, 23 August, 2021  10:36:45 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 20-cr-30067** |
| | ) | |
| **LASHANDA HUDSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge**

Before the Court is Defendant Lashanda Hudson's Motion to Dismiss for Improper Venue. [d/e 14]. Venue is proper here because the Indictment on its face alleges a scheme which continued through and was at least partially committed in this district. The motion is, therefore, DENIED.

## Background

On November 10, 2016, a Grand Jury returned an Indictment charging Defendant with 12 Counts of Wire Fraud in violation of 18 U.S.C. § 1343 and 9 Counts of Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Indictment [d/e 1]. The Indictment alleges that Defendant engaged in a scheme to defraud the State of Illinois,

including the Illinois Department of Human Services, the United States, and others through fraudulent Child Care Assistance Program payments.  Id. at ¶ 1.  Specifically, the Indictment alleges Defendant knowingly used false pretenses, representations, promises, and material omissions in order to obtain fraudulent Child Care Assistance Program subsidy payments from the State of Illinois and the Illinois Department of Human Services ("the Department"), a program partially funded by the United States Department of Health and Human Services.  Id. at ¶¶ 2, 3, & 15–23.  Part of the scheme, according to the allegations in the Indictment, was Defendant's submitting Child Care Applications containing fraudulent information to Illinois Action for Children, the childcare referral agency contracted by the Department to administer the Child Care Assistance Program.  Id. at ¶¶ 4–8, 16, & 23.  Once processed and approved by the Department, the applications eventually allowed Defendant to submit, as an approved childcare provider, Child Care Certificates to Illinois Action for Children.  Id. at ¶ 16–19.  As part of the Child Care Assistance Program, Illinois Action for Children then processed the information allegedly provided by Defendant to the Department, which in turn caused

Automated Clearing House subsidy payments to be sent to Defendant from the Illinois State Comptroller in Springfield, Illinois. Id. at ¶¶ 9, 12, & 23.  The Indictment alleges Defendant submitted fraudulent claims totaling approximately $734,000 which were routed through the Illinois State Comptroller's office in the Central District of Illinois.  Id. at ¶ 22.

On April 24, 2021, Defendant filed this Motion to Dismiss for Improper Venue.  [d/e 14].  In her Memorandum in Support of her Motion to Dismiss, Defendant argues that, because she was not physically present in the Central District when she allegedly began, executed, and completed her scheme, the Indictment is invalid on its face and should be dismissed.  [d/e 15 at p. 6–13].

## Legal Standard

A district court must be a proper venue for the prosecution of a defendant.  The proper venue in criminal cases is the district in which the offense was committed.  U.S. Const. art. III, § 2, cl. 3 ("Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed"); United States v. Morrison, 946 F.2d 484, 490 (7th Cir. 1991); see also United States v. Merrill, 513 F.3d 1293, 1304 (11th Cir. 2008) (noting that the Sixth Amendment

guarantees a trial in the state and district where the crime was committed).

Whether venue is proper turns on a two-part inquiry. <u>United States v. Muhammad</u>, 502 F.3d 646, 652 (7th Cir. 2007) (citing <u>United States v. Cabrales</u>, 524 U.S. 1, 6 (1998), and <u>United States v. Anderson</u>, 328 U.S. 699, 703 (1946)). The first consideration is whether there is a statute directing the matter of venue in the case. <u>Id.</u> Where one is unavailable or absent, the second consideration is "the nature of the crime alleged and the location of the act or acts constituting it." <u>Id.</u> There is no "mechanical test" to determine a proper venue under this general rule. <u>United States v. Balsiger</u>, 910 F.3d 942, 956 (7th Cir. 2018). Instead, the district court considers factors including "the site of the defendant's acts, the elements and nature of the crime, the locus and effect of the criminal conduct, and the suitability of each district for suitable fact-finding." <u>Muhammad</u>, 502 F.3d at 652. Those factors notwithstanding, "[p]roper venue is not limited to districts where the defendants were physically present when they committed the unlawful acts." <u>United States v. Brown</u>, 739 F2d 1136, 1148 (7th Cir. 1984).

To prove a venue is proper, the Government must establish by a preponderance of the evidence that the offense occurred in the district in which the case was brought.  United States v. Herrera–Ordones, 190 F.3d 504, 509 (7th Cir. 1999).  When a motion to dismiss for improper venue is brought under Federal Rule of Criminal Procedure 12, all allegations in the indictment are assumed true and viewed in the light most favorable to the Government.  Fed. R. Crim. P. 12(b)(3)(A)(i); United States v. Herrera–Ordones, 190 F.3d 504, 509 (7th Cir. 1999).  Only the allegations on the face of the indictment are considered without regard to evidence not appearing therein.  United States v. Sampson, 371 U.S. 75, 76 (1962).

### Discussion

The Indictment under which Defendant is charged alleges violations of two federal laws.  Each of those laws carries a different structure for venue purposes, so each is evaluated separately.  Cf. United States v. Muhammad, 502 F.3d 646, 652 (7th Cir. 2007) (citing United States v. Cabrales, 524 U.S. 1, 6 (1998)).

## Counts 1–12: Wire Fraud

Venue in this district is proper as to the Indictment's Wire Fraud Counts.  Counts 1 through 12 of the Indictment charge Defendant with Wire Fraud in violation of 18 U.S.C. § 1343. Indictment at ¶ 23.  While that statute does not include any specific venue provision, 18 U.S.C. § 3237(a) provides: "Except as otherwise expressly provided . . . any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."

Defendant argues that § 3237(a) is inapplicable to the wire fraud allegations for two reasons.  First, because wire fraud is not a continuing offense considered by § 3237(a), and next, because the second of § 3237(a)'s two provisions specifies offenses involving the mail as continuing offenses, which, in Defendant's view, means the entire statute must only apply to mail offenses.  See Def.'s Memo. [d/e 18] at 2–3.  But the first of § 3237(a)'s two provisions contains no mail-offense limitation.  Furthermore, continuing offenses under § 3237(a) include wire fraud offenses in violation of § 1343.  See United States v. Brown, 739 F.2d 1136, 1148 (7th Cir. 1984)

(holding venue proper under § 3237(a) for violations of § 1343 wire fraud in which the only connections to the Central District of Illinois were defendants' wiring of funds through the district); see also United States v. Balsiger, 910 F.3d 942, 956 (7th Cir. 2018) (holding that venue was proper in wire fraud case where defendants' connection to the district was sending wire transfers in and out of the district).  Therefore, § 3237(a) is "statutory directive on the matter of venue" for this case.  502 F.3d at 652.

The Indictment raises sufficient connections to this district for proper venue in this district under § 3237(a).  The scheme alleged in the Indictment involved Defendant's submission of the Child Care Applications containing false information to the Department in order to receive Child Care Assistance Program subsidy payments. Indictment at ¶¶ 4–8, 6, & 23.  Defendant received those subsidy payments, the Indictment alleges, through wire transfers necessarily sent out of the Illinois State Comptroller's office in Springfield, Illinois.  Id. at ¶¶ 12–22.  While Defendant argues that those payments *could* have been made from an Illinois State Comptroller's office located in the Northern District of Illinois, the Indictment alleges that they were made from an office located in the

Central District—specifically, the Springfield, Illinois, office.  Id. at ¶ 12; cf. Sampson, 371 U.S. at 76 (only the allegations on the face of the indictment are considered in a Federal Rule of Criminal Procedure 12 venue analysis).  The alleged scheme "continued" from Defendant's location, through wire transfers allegedly made out of the Illinois State Comptroller's office in Springfield, Illinois, and resulted in payments made back to Defendant.

The alleged scheme was also at least partially "committed" in this district under § 3237(a).  "The elements of wire fraud under section 1343 are: a scheme to defraud, a false representation, and use of interstate communications."  United States v. Pritchard, 773 F.2d 873, 876 (7th Cir. 1985).  The scheme as alleged in the Indictment included the use of interstate communications to cause wire transfers in and out of the Illinois State Comptroller's office located in the Central District of Illinois.  Indictment at ¶ 23.  Such facts on the face of the Indictment are sufficient to establish venue in this district.  Cf. Balsiger, 910 F.3d at 956 ("The defendants also caused wire transfers in and out of the district in furtherance of the fraudulent scheme. The law requires no more.")

The face of the Indictment alleges a scheme which was both committed and continued in this district.  Venue in this district as to Counts 1–12 is, therefore, proper under 18 U.S.C. § 3237(a).

### Counts 13–21: Money Laundering

Venue in this district is also proper as to the Indictment's Money Laundering Counts.  Counts 13–21 of the Indictment charge Defendant with Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i).  Indictment at ¶ 25.  Unlike the wire fraud statute, the money laundering statute does include a venue provision.  See 18 U.S.C. § 1956(i).  Whether venue is proper as to the money laundering counts is, therefore, first analyzed under that "statutory directive."  Muhammad, 502 F.3d at 652.  The money laundering venue provision states,

> [P]rosecution for an offense under [§ 1956] may be brought in (A) any district in which the financial or monetary transaction is conducted; or (B) any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.

18 U.S.C. § 1956(i).

As Defendant concedes, under subsection (B), venue is proper in this case in any district in which the underlying offense—here, the wire fraud—is properly brought.  Def.'s Memo. [d/e 15] at 11–12.  As stated above, this district is a proper venue for those charges.  Therefore, under § 1956(i), venue is proper in this district for the Money Laundering Counts as well.

## Conclusion

Defendant's arguments center on her assertion that the entirety of the alleged wire fraud and money laundering scheme took place in the Northern District of Illinois—specifically, Cook County, Illinois—and not in the Central District of Illinois.  Def.'s Memo. [d/e 15] at 11–12.  This, in Defendant's view, is enough to make venue improper in this district.  It is not.  "[I]t is not essential that the defendant ever have been physically present in the district in question, so long as the offense continued in that district."  Muhammad, 5002 F.3d at 653.  Therefore, for the reasons stated above, Defendant's Motion to Dismiss for Improper Venue [d/e 14] is DENIED.

ENTERED: August 20, 2021

FOR THE COURT:

/s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE